McCALL v. ELLINGER et al.

*(Circuit Court, N. D. Illinois. July 22, 1890.)*

1. PATENTS FOR INVENTIONS—NOVELTY.
    Letters patent No. 233,425, issued October 19, 1880, to John A. McCall, for a "flambeau" consisting of an oil-pot with a wick tube extending up from it, and beneath the oil-pot a chamber containing powder to be blown into the flame through a tube with a valve at its upper end, are void for want of novelty.

2. SAME—INFRINGEMENT.
    Said patent is not infringed by a flambeau containing a valve in the powder tube, instead of in the tube through which the operator blows.

In Equity.

*M. R. Powers*, for complainant.

*Poole & Brown*, for defendant Cragin Manufacturing Company.

*Hofheimer & Zeisler*, for defendant Ellinger.

BLODGETT, J. The bill in this case charges the infringement by defendants of letters patent No. 233,425, granted October 19, 1880, to the complainant, John A. McCall, for a "flambeau," and seeks an injunction and accounting. The suit was disposed of by stipulation between the parties as to the defendant Ellinger several months since, and has been brought to hearing on pleadings and proofs only as to the defendant the Cragin Manufacturing Company. The device covered by the patent is a flambeau, or torch, to be used in processions, and on other occasions when light and exhibitions of fire-works are desired, and consists, briefly, in an oil-pot, with a wick-tube projecting upwardly therefrom, and underneath the oil-pot a receptacle for the introduction of powder, usually lycopodium, to be blown through a tube, projecting upwardly through the oil-pot so as to bring the powder in contact with the flame, and produce an increased flame and colored light. Infringement is charged only as to the first claim, which is:

"(1) A flambeau, or torch, composed of the casing inclosing an oil-chamber at its upper end, and a powder-chamber below at its lower end, the central tube disposed with its lower end near to the lower end of the powder-chamber, and with its upper end extended through the oil-chamber, and having

its open mouth arranged between and about on the same plane with the mouths of the wick-tubes, the blow-pipe furnished with a mouth-piece on its lower end, and having its upper end carried into the powder-chamber and connected with the central tube, and the valve seated in the upper end of the blow-pipe, substantially as and for the purposes set forth."

The defenses relied upon are: (1) That the patent is void for want of novelty; (2) that defendant does not infringe. It appears abundantly from the proof introduced in the case that this patentee was by no means the first in this field of invention. Many devices seem to have been patented in this country and elsewhere having substantially the same objects as sought by the patent now in question. The claim under consideration is a combination claim, and is for (1) a casing inclosing an oil-pot with a powder-chamber below the oil-pot; (2) a central tube passing downward through the oil-pot into the lower portion of the powder-chamber, so arranged that the powder, when expelled from the powder-chamber through the tube, will be delivered into the flame produced by the burning wick; (3) a blow-pipe furnished with a mouth-piece on its lower end, and having its upper end carried into a powder-chamber, and connected with the central powder-tube, so that the blast of air through the blow-pipe will expel a portion of the powder through the powder-pipe into contact with the flame; (4) a valve seated in the upper end of the blow-pipe. In the English patent to Colomb & Bolton, of September 24, 1867, a torch, or flambeau, is shown, having an oil-pot, not mounted exactly upon or over the powder-chamber, but the oil-pot is attached to one side and reaches partly over the top of the powder-chamber. There is also a pipe extending downward from the oil-pot into the powder-chamber, and a blow-pipe extending upward through the staff or handle of the torch into the powder-chamber, which is provided to be supplied with air by small bellows attached to the staff or handle of the torch. I find in this patent, therefore, substantially all the elements of the complainant's patent,—a powder-chamber; an oil-pot mounted upon one side or near the shoulder, as it might be said, of the powder-chamber, with a wick extending upward from the oil-pot, centrally over the powder-chamber; a powder-pipe extending upward from the powder-chamber so as to deliver the powder at the base of the burning wick; a blow-pipe extending into the powder-chamber so arranged that a blast of air shall expel the powder in the powder-chamber through the powder-pipe into the flame, and with a valve in the blow-pipe. It is true, as I have already said, that the oil-pot is not exactly mounted on the top of the powder-chamber, but it is above the powder-chamber, or rather above one side of the powder-chamber, and it would require only mechanical skill to cover the entire upper part of the powder-chamber with the oil-pot, if that were deemed desirable, rather than to cover only a portion with the same. So, too, the air to be forced into the powder-chamber to expel the powder into the flame, is supplied by a bellows instead of the lungs of the operator; but these are only immaterial changes, and do not affect the principle upon which the English device operates, and, in the light of this patent

alone, I do not see how any claim for novelty can be maintained in favor of the complainant's patent. The proof also shows the American patent of April 11, 1876, to George W. Aldrich and Emil Laas, which shows a powder-box with an oil-pot surrounding the powder-box. Several other devices are also shown; notably, the Shaler patent of August 1, 1876, where the oil-chamber is located above the powder-chamber.

But, if there were room for doubt in regard to the want of novelty in the complainant's device in view of the English patent to which I have referred, I think there can be no doubt that defendant's device does not infringe this first claim of the complainant's patent, or either of the claims. The defendant has, to some extent, manufactured flambeaux, or torches, made in accordance with a patent granted August 26, 1884, to W. M. Bristol, in which the oil-pot surrounds the upper portion of the powder-chamber. There is in the defendants' device a blow-pipe extending upward through the handle of the torch into the powder-chamber, by means of which a blast of air can be driven from the lungs of the operator, through the powder-tube, to the base of the burning wick, but there is no valve in the blow-pipe of the defendant's torch; the valve in the defendant's device being located in the powder-pipe instead of the blow-pipe, a change in the arrangement, which, according to the testimony in the case, is substantial in its character, and produces a much safer and more reliable torch. The complainant, it seems to me, is by the first claim of the patent limited to a torch in which the valve shall be found in the blow-pipe, instead of the powder-pipe, and hence, I think, the defense of non-infringement is well taken in the case. For these reasons the bill will be dismissed for want of equity.